IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

Case No. 1:26-cv-01693

PEARSON'S LUGGAGE & GIFTS INC and
PEARSON'S LUGGAGE AND GIFT INC,

     Plaintiffs,

v.

ZHONGCHUANG JIUTONG TECHNOLOGY (TIANJIN)
CO., LTD., MING LIU a/k/a KENNY LIU and
JIANGSUJIUTONG PLASTIC MANUFACTURING CO.,
LTD d/b/a CETOMO,

     Defendants.

## COMPLAINT

Plaintiffs  Pearson's Luggage & Gifts Inc ("Pearson's Louisiana") and Pearson's Luggage and Gift Inc  ("Pearson's Texas") (collectively, the "Plaintiffs") sue defendants Zhongchuang Jiutong Technology (Tianjin) Co., Ltd., ("Zhongchuang"), Ming Liu a/k/a Kenny Liu ("Liu"), and Jiangsu Jiutong Plastic Manufacturing Co., Ltd d/b/a Cetomo ("Cetomo") (collectively, the "Defendants"), and allege as follows:

## THE PARTIES

1.      Pearson's Louisiana is a corporation organized under the laws of the State of Louisiana with its principal place of business located in Houston, TX.

2.      Pearson's Texas is a corporation organized under the laws of the State of Texas with its principal place of business located in Houston, TX.

3.      Zhongchuang is a limited company organized under the laws of China.

4.      Cetomo is a limited company organized under the laws of China.

5. Liu is an individual who is a citizen and resident of China. Upon information and belief, Liu has used the name "Kenny Liu" in carrying out the scheme at issue herein.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338.

7. This Court has personal jurisdiction over Defendants pursuant to Fed. R. Civ. P. 4(k)(2) because Defendants are not subject to jurisdiction in any state's courts of general jurisdiction and exercising jurisdiction is consistent with the United States Constitution and laws. See, e.g. JFXD TRX ACQ LLC v. E. River JW Inc., No. 2:24-cv-00594-JNW, 2025 U.S. Dist. LEXIS 3920, at *3-8 (W.D. Wash. Jan. 8, 2025) (determining personal jurisdiction exists and holding that the relevant forum for minimum contacts test is the "entire nation" – not a single state).

8. Alternatively, this Court has personal jurisdiction over Defendants because they have maintained sufficient minimum contacts with this State such that the exercise of personal jurisdiction over them would not offend traditional notions of fair play and substantial justice.

9. Venue properly lies in this district pursuant to 28 U.S.C. § 1391.

## FACTS

10. Plaintiffs jointly own and operate one or more e-commerce stores selling products through third-party retailers such as www.amazon.com. These stores are operated under the name "Pearson's 1979." In addition to the online store, Plaintiffs likewise operate a warehouse in Houston, TX from which Plaintiffs store and ship all orders made through the Pearson's 1979 store.

11. Among the various products sold by Plaintiffs are packs of different sized plastic

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

storage bins, examples of which are displayed below:



12.    Plaintiffs have been selling these types of storage bins products continuously since 2024 and have been tremendously successful in doing so on multiple online platforms, including www.amazon.com.

13.    Amazon.com assigns a unique Amazon Standard Identification Number ("ASIN") to each product sold on its platform. This lawsuit concerns Defendants' improper and illegal attempts to utilize a patent to cause Amazon.com to remove various of Pearson's 1979 Amazon.com   listings as identified below (collectively, the "Removed Products"). Here, the specific ASINs affected/removed as a result of Defendants' infringement notice are:

ASIN B0CQ2N2BY1

ASIN B0D17JYZWG

ASIN B0F8C4KNP2

ASIN B0CQ51ZNGH

ASIN B0CQ4WCGKX

ASIN B0CQ544YLX

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

ASIN B0CV23XS8T

ASIN B0CQ511PRF

ASIN B0CQ2NR29T

14.    On December 23, 2025, the United States Patent and Trademark Office ("USPTO") issued design patent number US D1106675S (the "US Patent") to Zhongchuang with respect to the subject design.  A true and correct copy of the US Patent is attached hereto as Exhibit "A."

15.    Displayed below are screenshots of the US Patent:



16.    On August 4, 2020, the China National Intellectual Property Administration (the "CNIPA") issued design patent number CN305961397S (the "Chinese Patent") with respect to a substantially similar design.

17.    Displayed below are screenshots of the Chinese Patent:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



18.    On March 4, 2022, the European Union Intellectual Property Office (the "EUIPO") issued patent number EU008867147 (the "EU Patent") with respect to a substantially similar design. The designer of the EU patent is Liu.

19.    Displayed below are screenshots of the EU Patent:



20.    Both the Chinese Patent and the EU Patent contain no visual differences, and both

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228

patents were issued *years* before the US Patent.

21.    Specifically, all design features of the US Patent have been fully disclosed by both the Chinese Patent and the EU Patent.

22.    The US Patent contains no original elements undisclosed by prior art, and all features are conventional combinations of the Chinese and EU Patents as well as existing technology.

23.    Upon information and belief, Liu is the sole member and manager of Zhongchuang and Jiangsu Jiutong Plastic Manufacturing Co., Ltd. Jiangsu Jiutong Plastic Manufacturing Co., Ltd operates an Amazon.com online store under the name of Cetomo.

24.    Among the products being sold by Cetomo are storage box containers similarly to those being sold by Plaintiffs.

25.    Between January and February 2026 (merely a month after Zhongchuang obtained the US Patent), Plaintiffs received several notices from Amazon.com LLC (each of which was submitted by Liu and/or one of the other Defendants), informing Plaintiffs that Amazon.com LLC had received infringement notices alleging that Plaintiff's storage boxes infringed on the US Patent and their own product being sold through Amazon.com. Each product allegedly infringed in the Amazon notices is being sold by Cetomo.

26.    Each such infringement notice identifies Kenny Liu as the "rights owner" and the US Patent as the intellectual property being infringed. An example of one such notice from Amazon.com, is displayed below:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

---

**Rights owner details:**

-- Kenny Liu

-- jiutong_group@163.com

**Rights owner communication:** I, Ming Liu, am the owner of U.S. design patent D1106675S (issued by USPTO), which covers the ornamental design of a storage box. As a storage product brand with independent R&D and self-owned factories, we are the original developer and manufacturer of the product under our ASIN B0BN1FD2P3. This is a formal patent infringement complaint against seller PEARSONS1979 (ID: A387RGN49W777J) on Amazon U.S. site. The infringing product ASIN is B0CQ2N2BY1 (Title: Nazhura 72 Quart Plastic Storage Bin, Stackable and Nestable Storage Boxes with Lids and Secure Latching Buckles, Large Storage Container (Blue, 72Quart-6Pack)), which

27.     Notably, although Zhongchuang is the owner of the US Patent, Defendants misleadingly identified Kenny Liu as the owner of the US Patent.

28.     As a result of Defendants' complaints, Amazon.com LLC has caused the Removed Products to be delisted on the Amazon.com platform.

29.     All conditions precedent to this action have been performed or have been waived.

## COUNT I: DECLARATORY JUDGMENT OF INVALIDITY AND UNENFORCEABILITY

30.     Plaintiffs re-allege and incorporate paragraphs 1 through 29 as set forth above.

31.     This is a claim for declaratory judgment arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 and 35 U.S.C. § 102.

32.     According to the US Patent, Zhongchuang owns the rights in and to the US Patent. However, as demonstrated above, Liu likewise claims to own the US Patent. Regardless, the US Patent consists of the following illustration:

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL  33065
TELEPHONE (877) 437-6228



33. Any rights which Defendants may have had in the US Patent are invalid and unenforceable due to anticipation under 35 U.S.C. § 102 and/or obviousness under 35 U.S.C. § 103, as all design features of the US Patent have been fully disclosed by both the Chinese Patent and the EU Patent, in addition to making fraudulent misrepresentations to the USPTO regarding the Patent's "originality" and compliance with statutory requirements.

34. The US Patent contains no original elements undisclosed by prior art, as well as existing technology.

35. Additionally, Plaintiffs have been selling the Removed Products since 2024.

36. Those products were publicly available on Amazon.com and also constitute prior art under 35 U.S.C. § 102.

37. In submitting their application, Defendants lied to the USPTO by failing to disclose Plaintiffs, the Chinese Patent and the EU Patent prior art.

COPYCAT LEGAL PLLC
3111 N. UNIVERSITY DRIVE, SUITE 301 • CORAL SPRINGS, FL 33065
TELEPHONE (877) 437-6228

38.    As a result, the US Patent does not meet the statutory conditions for authorization of a patent and should not be enforced.

39.    Accordingly, Plaintiffs are entitled to a declaratory judgment that the US Patent is invalid and unenforceable.

40.    An actual and justiciable controversy exists between Plaintiffs and Defendants with respect to the alleged infringement by Pearson's 1979 of the US Patent as alleged by Defendants. Accordingly, declaratory relief is both appropriate and necessary to establish that said purported patents rights of Defendants are invalid and unenforceable against Plaintiffs.

**WHEREFORE**, Plaintiffs demand judgment against Defendants declaring as follows:

a. That  the US Patent is invalid and unenforceable;

b. That the US Patent be declared not infringed;

c. That this case be declared exceptional under 35 U.S.C § 285, and that plaintiffs Pearson's Luggage & Gifts Inc d/b/a Pearson's 1979 and Pearson's Luggage and Gift Inc be awarded the reasonable attorney fees and costs they incurred in connection with this award; and

c. For such other relief as this Court deems proper.

Dated: June 23, 2026.                                COPYCAT LEGAL PLLC
                                                                3111 N. University Drive
                                                                Suite 301
                                                                Coral Springs, FL 33065
                                                                Telephone: (877) 437-6228

                                                                By: /s/ Daniel DeSouza
                                                                        Daniel DeSouza, Esq.

9