UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-01693

**Pearson's Luggage & Gifts Inc., et al.,**
*Plaintiffs,*
v.
**Zhongchuang Jiutong Technology (Tianjin) Co., Ltd., et al.,**
*Defendants.*

## ORDER

Plaintiffs Pearson's Luggage & Gifts Inc. and Pearson's Luggage and Gift Inc. (collectively "Plaintiffs") filed a combined motion for a temporary restraining order ("TRO") and a preliminary injunction, ECF No. 4 ("Mot. for TRO"), and a separate motion for alternative service of process, ECF No. 6 ("Mot. for Alt. Serv."). Plaintiffs' motion for alternative service of process is granted. Plaintiffs' motion for a temporary restraining order is denied. Plaintiffs' motion for a preliminary injunction is held in abeyance pending service of Defendants Zhongchuang Jiutong Technology (Tianjin) Co., Ltd., Jiangsu Jiutong Plastic Manufacturing Co., Ltd., and Ming Liu (collectively "Defendants") and expedited briefing.

## BACKGROUND

Plaintiffs allege Defendants obtained an invalid and unenforceable U.S. patent (patent number US D1106675S) ("U.S. Patent") for storage bins and fraudulently sent notices of infringement to Amazon.com ("Amazon"), resulting in Amazon delisting Plaintiffs' storage bins. Defendants also have patents for similar products in China (patent number CN305961397S)

("Chinese Patent") and the European Union (EU008867147) ("EU Patent"). ECF No. 4-1 at pp. 3–4 ("Tong Decl.").

Plaintiffs allege that Defendants' sending infringement notices to Amazon causes them irreparable harm. The alleged irreparable harms include loss of revenue (to the point of potential bankruptcy), increased storage costs, and harm to search rankings, product reviews, Buy Box eligibility, seasonal sales performance, store health metrics, and customer goodwill. Tong Decl. at pp. 6–7. Plaintiffs also allege that Defendants' actions put Plaintiffs' online store at risk of account suspension. *Id.* at p. 7.

Plaintiffs request a TRO and preliminary injunction enjoining Defendants from (1) seeking to remove Plaintiffs' products from any third party marketplace such as Amazon, (2) requiring Defendants to immediately notify Amazon to restore Plaintiffs' product listings that were removed as a result of Defendants' infringement notices, and (3) requiring Amazon to restore Plaintiffs' product listings that were removed as a result of Defendants' fraudulent infringement notices. Mot. for TRO at p. 15.

## MOTION FOR TEMPORARY RESTRAINING ORDER

### I. Legal Standard

The primary purpose of injunctive relief is "to protect the plaintiff from irreparable injury and to preserve the [Court's] power to render a meaningful decision after a trial on the merits." *Canal Auth. of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).

Federal Rule of Civil Procedure 65 authorizes federal courts to issue TROs with or without notice to adverse parties. FED. R. CIV. P. 65(b). Courts may issue a TRO without notice to the adverse party only if (1) "specific facts in an affidavit or

a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result" "before the adverse party can be heard" and (2) "the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required." FED. R. CIV. P. 65(b)(1)(A)–(B).

As a general matter, injunctive relief is understood to be "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). Title 35 permits courts to "grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.

The criteria for analyzing whether to issue a preliminary injunction is the same standard used by federal courts to issue a TRO. *See Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). So, a plaintiff seeking a TRO must show "that 'he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Starbucks Corp. v. McKinney*, 602 U.S. 339, 346 (2024) (quoting *Winter*, 555 U.S. at 20).

**II. Analysis**

Plaintiffs are not entitled to an *ex parte* TRO (1) enjoining Defendants from seeking the removal of Plaintiffs' products from any third-party marketplace, (2) requiring Defendants to immediately notify Amazon to restore Plaintiffs' product listings that were removed as a result of Defendants' infringement notices, and (3) requiring Amazon to restore Plaintiffs' product listings that were removed as a result of Defendants' infringement notices.

A TRO is an "extraordinary remedy and should only be granted if the plaintiffs have clearly carried the burden of persuasion on all four requirements." *Nichols v. Alcatel USA, Inc.*, 532 F.3d 364, 372 (5th Cir. 2008) (internal citation and quotation marks omitted). An *ex parte* TRO is even more extraordinary and "should be restricted to serving [its] underlying purpose of preserving the status quo and preventing irreparable harm just so long as is necessary to hold a hearing, and no longer." *Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers Local No. 70*, 415 U.S. 423, 439 (1974). Plaintiffs are not entitled to an *ex parte* TRO because they have not presented sufficient evidence to clearly meet these requirements.

As an initial matter, the record does not contain the Chinese or EU Patents on which Plaintiffs base their patent validity argument. Mot. for TRO at pp. 9–12 (arguing the U.S. Patent is invalid based on anticipation under 35 U.S.C. § 102 due to Plaintiffs' prior art *and* the EU and Chinese patents). A patent may be invalid if the invention was "patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention[.]" 35 U.S.C. § 102(a)(1). This is known as "prior art." Without the Chinese and EU patents, the Court is unable to determine whether they, and Plaintiffs' storage bins, constitute prior art such that the U.S. Patent is invalid. *See id.* The Court, therefore, is unable to determine that Plaintiffs are clearly entitled to relief.

Plaintiffs also have not established a sufficient likelihood of immediate and irreparable harm absent an *ex parte* TRO. An irreparable harm is a harm that is imminent, not speculative, and has "no adequate remedy at law, such as monetary damages." *Janvey v. Alguire*, 647 F.3d 585, 600 (5th Cir. 2011) (citing *Deerfield Med. Ctr. v. City of Deerfield Beach*, 661 F.2d 328, 338 (5th Cir. Unit B Nov. 1981)). Plaintiffs allege the removal

of their product listings from Amazon will result in the loss of business, increase storage costs, harm their search rankings, product reviews, Buy Box eligibility, seasonal sales performance, store health metrics, goodwill, reputation, and potentially cause bankruptcy. Mot. for TRO at pp. 13; Tong Decl. at pp. 6–7.

"Price erosion, loss of goodwill, damage to reputation, and loss of business opportunities are examples of possible grounds for finding irreparable harm." *SmartSky Networks, LLC v. Gogo Bus. Aviation, LLC*, No. 2023-1058, 2024 WL 358136, at *3 (Fed. Cir. Jan. 31, 2024) (citing *Celsis In Vitro, Inc. v. CellzDirect, Inc.*, 664 F.3d 922, 930 (Fed. Cir. 2012)). But Plaintiffs here have not presented *evidence* that they suffered or will suffer these harms because of Defendants' actions. *See, e.g.*, *Baker Hughes Inc. v. Nalco Co.*, 676 F. Supp. 2d 547, 554 (S.D. Tex. 2009), *aff'd,* 374 F. App'x 979 (Fed. Cir. 2010) (finding irreparable reputational harm upon presentation of *evidence* about the specific market); *Pruvit Ventures, Inc. v. Forevergreen Int'l LLC*, No. 4:15-CV-571-ALM-CAN, 2015 WL 9876952, at *5 (E.D. Tex. Dec. 23, 2015), *report and recommendation adopted,* No. 4:15-CV-571, 2016 WL 231160 (E.D. Tex. Jan. 19, 2016) (denying injunctive relief for failure to present *evidence* of irreparable harm including reputational harm and goodwill).

Plaintiffs also have not shown that their alleged harms cannot be adequately compensated by money damages. *Takeda Pharms. U.S.A., Inc. v. Mylan Pharms. Inc.*, 967 F.3d 1339, 1349 (Fed. Cir. 2020) (finding the plaintiff had not shown irreparable harm and noting that the plaintiff made no credible assertion that it could not be compensated by monetary damages). Lost sales alone are not sufficient to prove irreparable harm, *Automated Merch. Sys., Inc. v. Crane Co.*, 357 F. App'x 297, 300–01 (Fed. Cir. 2009), and "bare assertion[s] of irrepa-

rable harm [are] never sufficient to prove such harm or justify the extraordinary remedy of [an] injunction[,]" *Takeda,* 967 F.3d at 1349 (internal quotation marks and citations omitted).

Additionally, the Court notes that the relief requested may be improper, even if Plaintiffs were to establish a clear likelihood of success on the merits and irreparable harm. For example, Plaintiffs request a TRO requiring Amazon to restore Plaintiffs' product listings that were removed because of Defendants' fraudulent infringement notices. But this Court cannot enjoin parties such as Amazon that are not before it and who are not in active concert with the parties or their officers, agents, servants, employees, and attorneys. FED. R. CIV. P. 65(d); *see also Trump v. CASA, Inc.*, 606 U.S. 831, 844 (2025) (reaffirming the "party-specific principles that permeate our understanding of equity").

Plaintiffs also request an order requiring Defendants to notify Amazon to restore Plaintiffs' product listings. But it is not clear that such an order would do anything. A party only has standing to seek relief that will redress its injury, and there is no evidence in the record that Amazon would restore listed products upon notice from Defendants. *Cf. Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992) (injury must be "fairly traceable to the challenged action of the defendant, and not the result of the independent action of some third party not before the court." (cleaned up)); *Carpenters Indus. Council v. Zinke*, 854 F.3d 1, 5 (D.C. Cir. 2017) (Kavanaugh, J.). To secure relief of the type Plaintiffs request, they must establish that this relief is within the power of this Court.

## MOTION FOR ALTERNATIVE SERVICE

Plaintiffs' motion for alternative service is granted. Plaintiffs request that the Court permit service of process by email. Mot. for Alt. Serv. at pp. 9–10. They allege that despite all rea-

sonable efforts, they have been unable to locate Defendants' addresses or ascertain Defendants' whereabouts. *Id.* at p. 8. Plaintiffs contend that requiring service in China under the Hague Convention procedures would be a lengthy and expensive process, taking two to twenty-four months and costing anywhere from $6,000 to $13,000. *Id.* at p. 8. Plaintiffs further urge that service by email is appropriate and necessary because Defendants operate their businesses via the internet and rely on electronic communications to operate their businesses. *Id.* at p. 9.

Service of process on a foreign individual defendant must comply with Rule 4(f) of the Federal Rules of Civil Procedure. Service on a foreign corporation may occur "at a place not within any judicial district of the United States, in any manner prescribed by Rule 4(f) for serving an individual, except personal delivery under (f)(2)(C)(i)." FED. R. CIV. P. 4(h)(2). Under Rule 4(f)(3), a party may serve the opposition "by other means not prohibited by international agreement, as the court orders." FED. R. CIV. P. 4(f)(3). And Rule 4(f)(1) permits service on defendants "by any internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents[.]" FED. R. CIV. P. 4(f)(1).

The Hague Service Convention is an international treaty governing the service abroad of foreign defendants. *See* Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, *opened for signature* Nov. 15, 1965, 20 U.S.T. 361, 658 U.N.T.S. 163. Direct "service pursuant to Hague Convention procedures is required only if the method of serving process involves the transmittal of documents abroad." *Sheets v. Yamaha Motors Corp., U.S.A.*, 891 F.2d 533, 537 (5th Cir. 1990). The method of service is gov-

erned by the long-arm statute of the forum state (i.e., Texas). *See Volkswagenwerk Aktiengesellschaft v. Schlunk*, 486 U.S. 694, 706 (1988). In Texas, the law does not require the transmittal of documents abroad when serving a foreign defendant. *See Moki Mac River Expeditions v. Drugg*, 221 S.W.3d 569, 574–76 (Tex. 2007) (discussing the long-arm Texas statute and noting that it reaches "as far as the federal constitutional requirements of due process will allow" internal quotation marks and citation omitted)).

The United States and China are signatories to the Hague Convention, and service by email is not precluded. China has also not expressly objected to email service of process. *See WSOU Invs. LLC v. OnePlus Tech. (Shenzhen) Co.*, No. 6-20-CV-00952-ADA, 2021 WL 2870679, at *4 (W.D. Tex. July 8, 2021).

The Fifth Circuit in *Nagravision* thus held that a court *may* order alternative means of service under Rule 4(f)(3). *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 882 F.3d 494, 498 (5th Cir. 2018) (upholding the validity of email service for a Chinese defendant company); *see also Viahart, L.L.C. v. GangPeng*, No. 21-40166, 2022 WL 445161, at *3 (5th Cir. Feb. 14, 2022) (same).

The Court concludes that service by email is reasonably calculated under these circumstances to apprise Defendants of this action and afford them an opportunity to present any objections. Defendants operate businesses via the internet and rely on email to operate their businesses, making service by email in this case reasonably calculated to provide notice.

The emails provided by Plaintiffs are also reasonably calculated to apprise Defendants of this case. Defendant Liu provided an email to Amazon as his contact information when submitting the infringement notices. Upon information and belief, Defendant Liu is "the sole member and manager of Zhongchuang and Jiangsu Jiutong Plastic Manufacturing Co.,

Ltd." ECF No. 1 at p. 6 ("Compl.").[1] The Court thus grants Plaintiffs' request for alternative service.

## PRELIMINARY INJUNCTION

Plaintiffs' request for a preliminary injunction is held in abeyance pending service on Defendants and expedited briefing. Defendants shall file a response to Plaintiffs' motion for a preliminary injunction within seven (7) days of Plaintiffs providing notice on the docket that they have completed service of the complaint, motion for preliminary injunction, and this order. Plaintiffs may file a reply in support of their motion for a preliminary injunction within five (5) days of Defendants' response.

## CONCLUSION

**1.** Plaintiffs' motion for a temporary restraining order, ECF No. 4, is DENIED.

**2.** Plaintiffs' motion for alternative service, ECF No. 6, is GRANTED.

  **a.** Plaintiffs shall serve all necessary papers to effectuate service as well as the motion for a preliminary injunction and this order on jiutong_group@163.com.

  **b.** Plaintiffs shall electronically file notice on the docket when service has been completed.

[1] Plaintiffs also provide an email address allegedly belonging to the attorney that represented Defendants in connection with their U.S. patent application. Mot. for Alt. Serv. at pp. 9–10. While there is evidence that this attorney represented Defendants in connection with their U.S. patent application, the record does not have evidence showing the attorney represents Defendants in this matter or in patent litigation more generally. There is also reason to believe the email address is not current.

**3.** The Court expedites briefing on Plaintiffs' motion for a preliminary injunction. ECF No. 4. Defendants shall respond to Plaintiffs' motion within seven (7) days of the date on which Plaintiffs electronically file notice on the docket of the completion of service. Plaintiffs shall file any reply within five (5) days of the response.

*So ordered by the Court on July 13, 2026.*

ANDREW DAVIS
United States District Judge