UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

No. 1:26-cv-01693

**Pearsons Luggage & Gifts Inc, et al.,**
*Plaintiffs,*
v.
**Zhongchuang Jiutong Technology (Tianjin) Co., Ltd., et al.,**
*Defendants.*

## MEMORANDUM OPINION AND ORDER

Pearsons Luggage & Gifts Inc and Pearsons Luggage and Gift Inc (collectively "Plaintiffs") sold storage bins on Amazon until earlier this year and would like to do so again. But Amazon has delisted them based on Defendants Zhongchuang Jiutong Technology (Tianjin) Co., Ltd., Jiangsu Jiutong Plastic Manufacturing Co., Ltd., and Ming Liu's (collectively "Defendants") notices that Plaintiffs' storage bins infringe on their patent. Plaintiffs sued for a declaration that the patent is invalid, and now move for a preliminary injunction prohibiting Defendants from submitting additional infringement notices and requiring them to retract previous notices.

The motion is denied. Although Plaintiffs have established a likelihood of success on the merits of their declaratory judgment claim that Defendants' patent is invalid, the relief they request at this preliminary stage requires more. Because the requested remedy curtails Defendants' speech and thus implicates First Amendment concerns, Plaintiffs were required to show that this is the exceptional case where Defendants' infringement notices were "objectively baseless." *Lite-Netics, LLC v. Nu Tsai Cap. LLC*, 60 F.4th 1335, 1343 (Fed. Cir. 2023). They have failed to meet this high burden.

## Background

Plaintiffs began selling storage bins on Amazon in 2024. By their own account, moreover, this was a sizeable portion of Plaintiffs' overall business. They assert in a declaration that selling the storage bins at issue in this case generates over $1.5 million dollars a month in revenue, which is about 35 percent of Plaintiffs' monthly revenue.

But Plaintiffs are no longer able to sell these bins. Amazon delisted Plaintiffs' storage bins early in 2026 because Defendants sent infringement notices to Amazon alleging that Plaintiffs' storage bins infringed on their design patent for storage bins (Patent No. US D1,106,675 S) ("'675 Patent").

Unable to work out anything with Amazon to allow continued sales, Plaintiffs filed a complaint in this Court in June 2026 alleging that the '675 Patent is invalid and unenforceable, and asking for a declaratory judgment saying as much.

Plaintiffs filed a motion for a temporary restraining order ("TRO") and preliminary injunction several weeks later. Plaintiffs requested the Court (1) enjoin Defendants from seeking to remove Plaintiffs' products from any third party marketplace such as Amazon, (2) require Defendants to immediately notify Amazon to restore Plaintiffs' product listings that were removed as a result of Defendants' infringement notices, and (3) require Amazon to restore Plaintiffs' product listings that were removed as a result of Defendants' fraudulent infringement notices. PI Mot. at 15 (ECF No. 4).[1] This Court denied Plaintiffs' request for an *ex parte* TRO, but set a briefing schedule for the preliminary injunction motion.

[1] For their preliminary injunction motion, Plaintiffs have dropped their third request for relief directing Amazon to act.

As the parties were briefing the preliminary injunction motion, the examiner for the U.S. Patent and Trademark Office ("USPTO") issued a non-final rejection of the '675 Patent as part of its *ex parte* reexamination of that patent. It rejects the '675 Patent's claim "as being anticipated by" both a Chinese patent held by Defendants ("Chinese Patent") and a European Union patent ("EU Patent") also held by Defendants. Non-Final Rejection at 8–12 (ECF No. 26). The examiner explained: "While there may be some slight deviations and differences in the overall aspect ratios between the containers, these minor deviations are not significant to the extent that they would render one design visually distinguishable from the other. The designs are extremely similar and share the same basic characteristic features in addition to several minor traits." *Id.* at 4.

The Court now takes up the preliminary injunction motion.

## LEGAL STANDARD

Injunctive relief is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 22 (2008) (citing *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (per curiam)). Title 35 permits courts to "grant injunctions in accordance with the principles of equity to prevent the violation of any right secured by patent, on such terms as the court deems reasonable." 35 U.S.C. § 283.

A plaintiff seeking a preliminary injunction must show "that 'he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest.'" *Starbucks Corp. v. McKinney*, 602 U.S. 339, 346 (2024) (quoting *Winter*, 555 U.S. at 20). The

plaintiff bears the burden of proving each element. *Janvey v. Alguire*, 647 F.3d 585, 595 (5th Cir. 2011).

"In considering these four prerequisites, the court must remember that a preliminary injunction is an extraordinary and drastic remedy which should not be granted unless the movant clearly carries the burden of persuasion." *TitleMax of Texas, Inc. v. City of Dallas*, 142 F.4th 322, 328 (5th Cir. 2025) (quoting *Canal Auth. of Florida. v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974)). "Mandatory preliminary relief, which goes well beyond simply maintaining the status quo [ante], is particularly disfavored, and should not be issued unless the facts and law clearly favor the moving party[.]" *Martinez v. Mathews*, 544 F.2d 1233, 1243 (5th Cir. 1976) (citing *Exhibitors Postal Exch., Inc. v. Nat'l Screen Serv. Corp.*, 441 F.2d 560, 561–62 (5th Cir. 1971) (per curiam)).

## ANALYSIS

The Court denies the preliminary injunction because Plaintiffs have not established that Defendants' infringement notices to Amazon were "objectively baseless." *Lite-Netics, LLC*, 60 F.4th at 1343 (quoting *GP Indus., Inc. v. Eran Indus., Inc.*, 500 F.3d 1369, 1374 (Fed. Cir. 2007)). Plaintiffs are likely to succeed on the merits of their claim that the '675 Patent should be declared invalid. But because they seek an injunction prohibiting Defendants from submitting infringement notices and requiring them to retract previous notices—that is, an injunction that Defendants' speak in a certain way—showing a likelihood of success on the merits of their infringement claim is insufficient to entitle them to the relief they seek.

Plaintiffs are likely to succeed on their sole claim for a declaratory judgment that the '675 Patent is invalid. Patents are presumed valid. 35 U.S.C. § 282(a). To show that the U.S. Patent is invalid is thus a "heavy burden." *Microsoft Corp. v. I4I*

*Ltd. P'ship*, 564 U.S. 91, 102 (2011). At trial, a party "must persuade the factfinder of its in-validity defense by clear and convincing evidence." *Microsoft*, 564 U.S. at 97. At the preliminary injunction stage, however, "when analyzing the likelihood of success factor, the trial court, after considering all the evidence available at this early stage of the litigation, must determine whether it is more likely than not that the challenger will be able to prove at trial, by clear and convincing evidence, that the patent is invalid." *Titan Tire Corp. v. Case New Holland, Inc.*, 566 F.3d 1372, 1379 (Fed. Cir. 2009).

Plaintiffs meet this standard—though it is close and further evidentiary development may establish that the patent is valid. Whether a design patent is anticipated by prior art requires applying the "ordinary observer" test. That test provides: "'If, in the eye of an ordinary observer, giving such attention as a purchaser usually gives, two designs are substantially the same, if the resemblance is such as to deceive such an observer, inducing him to purchase one supposing it to be the other, the first one patented is infringed by the other.'" *Range of Motion Prods., LLC v. Armaid Co. Inc.*, 166 F.4th 981, 990 (Fed. Cir. 2026) (quoting *Egyptian Goddess, Inc. v. Swisa, Inc.*, 543 F.3d 665, 670 (Fed. Cir. 2008)). "The 'ordinary observer' test for design patent infringement requires the fact finder to compare similarities in overall designs, not similarities of ornamental features in isolation." *Id.* at 991 (cleaned up). And the analysis is performed "from the perspective of a hypothetical ordinary observer who is familiar with the designs in the prior art." *Id.*

Here, the designs in the EU Patent and the Chinese Patent appear to be "substantially" the same as the '675 Patent design. Based on the Court's review of the 9 figures from the '675 Patent and the figures provided from the EU and Chinese Patents, it appears that the primary features of the '675 Patent

design are shared among all designs. Defendants protest that there are differences. For example, they contend that "[i]n the claimed U.S. design the latch [on the handle] reads as a tiered, grooved and notched element," while in the EU and Chinese Patent designs the "latch is shown as a single plain flap[,]" with an "outer face" that is "continuous" and "uninterrupted[.]" Defs' Resp. Ex. 1 at 2–4 (EFC No. 16-2). But, at least from the figures presented, the differences are immaterial and do not disrupt the impression that the designs are substantially the same.

The USPTO examiner conducting the *ex parte* review of the '675 Patent agrees. The examiner looked at the designs, employed the "ordinary observer test" and concluded that the '675 design "is substantially the same as" the designs in the EU and Chinese Patents. Non-Final Rejection at 9. This does not mean there are no differences between the designs. Rather, "[a]ny deviation and differences that may exist are purely mechanical and would require a skilled designer to identify and appreciate—a skillset that is not expected or demanded from an ordinary observer." *Id.* The fact that the examiner made a non-final determination is, of course, not dispositive of the merits of Plaintiffs' invalidity argument for multiple reasons, including that the determination is non-final and does not apply the "clear and convincing" standard that this Court must apply. Still, the examiner's analysis carries some persuasive weight in combination with this Court's own visual inspection—especially given Plaintiffs' failure to include with their motion any expert analysis comparing the designs.

Establishing a likelihood of success on the merits of their declaratory judgment claim, however, is not sufficient for the relief Plaintiffs request. They request an order enjoining Defendants "from submitting further infringement notices

asserting the '675 Patent against" them "during the pendency of this litigation" and directing Defendants "to retract the infringement notices previously submitted to Amazon.com[.]" Reply at 10 (ECF No. 22). That is, they request an injunction "against communication," which is "a much more serious matter" than an order granting or denying "an injunction against infringement[.]" *GP Indus.*, 500 F.3d at 1373–74. Because such an injunction raises "First Amendment concerns," *Globetrotter Software, Inc. v. Elan Comput. Grp., Inc.*, 362 F.3d 1367, 1375 (Fed. Cir. 2004), the party seeking the injunction must establish that the party it seeks to enjoin lacks a "good faith belief in the accuracy of the communication" as to its patent rights, *Mikohn Gaming Corp. v. Acres Gaming, Inc.*, 165 F.3d 891, 897 (Fed. Cir. 1998). "[B]ad faith in this context has both objective and subjective elements," *Lite-Netics, LLC*, 60 F.4th at 1343, and the objective prong cannot be satisfied absent "a showing that the claims asserted were objectively baseless[,]" *Id*. (quoting *GP Indus.*, 500 F.3d at 1374). And "[a] patent-infringement allegation is objectively baseless only if 'no reasonable litigant could realistically expect success on the merits.'" *Id.* (quoting *GP Indus.*, 500 F.3d at 1374).

Given this "no reasonable litigant" standard, it is no wonder that the Federal Circuit has noted "the rarity of an injunction being granted against communicating with others concerning one's patent rights." *GP Indus.*, 500 F.3d at 1373. Plaintiffs do not cite a single case finding that a patentee's infringement statements were "objectively baseless." And this Court has found no examples itself. One district court preliminarily enjoined a patentee from asserting infringement because it found that assertion objectively baseless, but the Federal Circuit vacated and remanded. *See Lite-Netics, LLC v. Nu Tsai Cap. LLC*, 637 F. Supp. 3d 668 (D. Neb. 2022), *vacated and remanded*, 60 F.4th 1335 (Fed. Cir. 2023) (holding the district court

abused its discretion in finding the infringement assertions objectively baseless). And the bulk of cases reject arguments that a patentee's assertions were objectively baseless. *E.g.*, *Globetrotter Software*, 362 F.3d at 1375–77 (affirming summary judgment where alleged infringer failed to raise a question of fact as to whether cease-and-desist letters were objectively baseless); *Dominant Semiconductors Sdn. Bhd. v. OSRAM Gmbh*, 524 F.3d 1254, 1260–64 (Fed. Cir. 2008) (finding no baselessness where patentee survived summary judgment in an ITC proceeding).

That does not mean that the "objectively baseless" standard can never be met. In *Au New Haven, LLC v. YKK Corporation*, for example, the district court denied summary judgment, holding that a jury could reasonably find the defendant's statement that it had an exclusive right objectively baseless. 2020 WL 4366394, at *10 (S.D.N.Y. 2020). But that was because there was undisputed evidence that the right the defendant asserted as exclusive was shared with the patentee. *Id.* There is no such contradiction here. Rather, Plaintiffs' argument is simply that Defendants should have known that their patent was invalid because the design is substantially the same as the designs in the Chinese and EU Patents—and Defendants knew about this art because they are the patent holders. But even as the Court agrees based on the current record (as does the USPTO, at least non-finally) that the designs are likely invalid, Defendants today still hold a valid patent, have reasonable arguments to distinguish the prior art, and may well prevail on the merits after full factual development. Against this backdrop, the Court cannot say that this case presents the "exceptional circumstances" required for the "strong medicine" of "an injunction against communication." *GP Indus.*, 500 F.3d at 1374.

* * *

Plaintiffs have not established that Defendants' statements of infringement are "objectively baseless" such that "no reasonable litigant could realistically expect success on the merits." *Id.* The motion for a preliminary injunction curtailing Defendants' communications is therefore denied.[2]

## CONCLUSION

1. The application for a preliminary injunction, ECF No. 4, is denied.
2. The motion for leave to file a surreply, ECF No. 25, is granted because Plaintiffs entered additional evidence and argument in their reply. The clerk is directed to enter Exhibit 1, ECF No. 25-1, into the docket.

*So ordered by the Court on September 4, 2026.*

ANDREW DAVIS
United States District Judge

[2] Because Plaintiffs failed to establish that Defendants' infringement assertions were objectively baseless, the Court need not walk through the other factors for a preliminary injunction.